IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:23-CR-153 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| MAJOK MAJOK, | ) | MEMORANDUM |
| also known as, "Jok" and "Magok Magok," | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant, an OMB gang member, assisted the enterprise in multiple ways. He trafficked drugs, including fentanyl, trafficked firearms, and committed shootings. Defendant also personally illegally possessed firearms, including at least one firearm with a machinegun conversion device. This conduct presents a danger to the community on multiple levels, many of which are not accounted for by the guideline range. The Court should impose a 300-month sentence, which is within the range agreed upon by the parties in their plea agreement.

## ADVISORY GUIDELINES RANGE

The parties agree with the guideline calculation in the PSR, which is as follows:

| | |
|---|---|
| Base offense level (§2D1.1(a)(5), (c)(2)) | 36 |
| Premises (§2D1.1(b)(12)) | +2 |
| Use of a minor (§2D1.1(b)(16)(B)(i)) | +2 |
| Aggravating role (§3B1.1(a)) | +4 |
| Acceptance of responsibility (§3E1.1) | -3 |
| Total offense level | 41 |
| | |
| Criminal History | III |

1

      Guidelines range:      360 months to life imprisonment + 60 months' consecutive

The only objection remaining for the Court is Defendant's objection to paragraph 90. Defendant objects to the arrest contained in this paragraph, noting that he does not remember this incident. In support of the accuracy of the information contained in paragraph 90, the government offers Government Exhibit 1, which is attached hereto. The government is unaware of any further outstanding objections.

As noted in the PSR, the parties entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, wherein they agreed to a sentence within the range of 240 and 300 months' imprisonment. As further explained below, the government requests the Court adopt this agreement, and sentence Defendant at the top of that range—300 months' imprisonment.

## THE § 3553(a) FACTORS SUPPORT A 300-MONTH SENTENCE

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      7.      the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).  For the reasons that follow, the § 3553(a) factors support a sentence of 300 months' imprisonment.

      OMB, a criminal street gang operating in Des Moines, had multiple purposes. They dealt drugs, including fentanyl, illegally possessed guns, trafficked guns, and conducted shootings.  Each of these activities presented its own form of dangerousness.  The group obtained a staggering amount of fentanyl—over 22 kilograms—and distributed it to customers.  OMB's drug operations were organized. They had multiple out-of-state sources, stash houses, and a distribution network within Des Moines.  Their firearm trafficking activities were similarly organized. They utilized multiple straw purchasers, most of whom were family members and/or drug addicts they supplied with fentanyl, to obtain guns and then distributed them throughout the gang.  OMB then used these guns to plan and execute the ultimate purpose of the gang—maintaining respect through violent acts towards opposition gangs.

      Defendant whole-heartedly participated in these activities.  He was one of the leaders of the racketeering activity, and his personal participation included distributing over 22 kilograms of fentanyl, moving guns around the gang, and personally possessing a machinegun conversion device (automatic selector switch). These devices convert semi-automatic pistols into fully automatic machineguns— allowing the entirety of the ammunition in a firearm to be shot with a single pull of the trigger, at the rate 20 rounds per second or 1,200 rounds a minute.  When the

main goal of OMB's firearm possession was to use them in violent acts towards the opposition, Defendant's making his deadly weapons more deadly is an incredibly aggravating fact.

Even being caught with and charged with possessing a machinegun (at a cemetery during gang-related activity), he did not stop his criminal conduct. Instead, Defendant kept possessing guns, kept dealing drugs, and kept engaging in gang-related activity. This conduct shows Defendant had no intention of stopping his behavior until he was arrested on the federal charges.

The guidelines in the case do not account for many of the aggravating factors. Due to the operation of the grouping rules, all of Defendant's firearms-related activity is grouped with the drug trafficking guideline. And, because of the single 924(c) count, the guidelines say all of the firearm activity receives no enhancement under the drug guideline. In this case, that ignores much of the aggravating conduct. Defendant receives absolutely no enhancement for the firearms trafficking. And no enhancement for the machinegun conversion device he possessed. This, alone, justifies a sentence at the top of the range recommended by the parties.

This case presents multiple types of violent and dangerous behavior. Defendant was dealing incredibly large quantities of dangerous drugs. Defendant was trafficking guns that the OMB gang intended to use (and did use) in shootings. And Defendant possessed devices that made the guns even more dangerous. Any mitigating factors in this case are greatly outweighed by the aggravating factors. The

Court should sentence at the top of the parties' recommended range—300 months' imprisonment.

## CONCLUSION

The Court should impose a sentence of 300 months' imprisonment.

                                        Respectfully Submitted,

                                        Richard D. Westphal
                                        United States Attorney

By:   */s/ Kristin M. Herrera*
             Kristin M. Herrera
             Mallory E. Weiser
             Assistant United States Attorneys
             210 Walnut Street, Suite 455
             Des Moines, Iowa 50309
             Tel: (515) 473-9300
             Fax: (515) 473-9292
             Email: kristin.herrera@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on January 3, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail   \_\_\_\_ Fax   \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing   \_\_ Other means (email)

UNITED STATES ATTORNEY
By:   */s/Kristin M. Herrera, AUSA*